UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-144 |
| | ) | Judge Mattice |
| | ) | |
| PRESTON ANDREW WATSON | ) | |

## UNITED STATES SENTENCING MEMORANDUM

The United States of America, by the United States Attorney for the Eastern District of Tennessee, J. Douglas Overbey, and Assistant District Attorney, Jennifer Kolman, submits the following sentencing recommendations with respect to the defendant, Preston Andrew Watson. For the reasons set forth herein, the United States respectfully submits that a lengthy sentence of incarceration is warranted, one which captures the harm perpetrated by the defendant, accounts for the factors found in § 3553, and considers the defendant's unique situation. The defendant's guideline range as calculated by the PSR is capped at 470 months. (R. 33, Revised PSR, ¶ 86.) The United States submits that the advisory guideline range as calculated by the Probation Office is correct and the government respectfully requests that the Court adopt it as the advisory guideline range.

## STATEMENT OF FACTS

*Overview*

In 2019 the Homeland Security Investigations (HSI)/Internet Crimes Against Children (ICAC) unit in Knoxville, Tennessee began receiving tips from the National Center for Missing and Exploited Children (NCMEC) from self-reporting girls between the ages of 14-16 from around the world with regard to child exploitation crimes committed by the defendant.

The minor female girls all reported the same crime committed by the defendant. The minor female victims reported they had met the defendant on social media applications. The defendant had befriended them and then eventually asked them to send nudes images of themselves. Once the victims sent him the nude images, he threatened them that if they did not continue to send the images he would post the sexually explicit images previously sent by the victims on the internet. The threats were vicious. The victim from Virginia received the following text after refusing to send any more sexually explicit images:

> "If I am going to be treated as a monster I may as well earn it. As such the amount of pictures you owe me is 18 total. Not 8. Or you may send me videos on KiK instead. The rest of the deal remains. No blocking each other and I will not send your pics or info out. Instead of two pussy pics and a spread pic make it my name on your ass and pussy and a spread pic. So it'd be ass, name on ass, pussy, name on oussy (sic), tits with face, spread pussy." (*Id.* at ¶ 25).

Another victim, a 16 year-old from Sweden, reported the defendant threatened to send the sexually explicit images she had sent the defendant to her school. The minor believed this threat because earlier in their communications the defendant had offered to help her with a homework assignment. The victim had sent the homework document from her school e-mail address.

The defendant's threats were real. Law enforcement assumed one of the victim's online identity and asked for proof that the defendant still had sexually explicit images of the victim. Defendant, through a social media application, sent back numerous nude images of the victim demonstrating he was willing to go through with his threat.

If it were not enough that the defendant traumatized four known girls to the point they, of their own volition, contacted NCMEC, a forensic exam of his computer reveled he had additional child pornography, 47 images and 147 videos in addition to his known victims. It is unlikely all

2

Case 3:19-cr-00144-KAC-HBG   Document 38   Filed 11/19/20   Page 2 of 6   PageID #: 193

of those victims will be identified. (*Id.* at ¶ 31).

During the forensic investigation of the defendant's computer items it was learned that the defendant kept individual folders of each of his victims containing the child pornography (CP) he had ordered them to produce and send to him. Especially disturbing was the defendant's trophies of CP images of the young girls naked bodies exposed and indelibly marked with: "Property of Preston Watson".

***Impact upon defendant's victims***

Two of his four known identified victims have threatened to kill themselves over the defendant's threats of posting the sexually explicit photos on the internet. Think of the others who have not come forward or not yet identified that do not know the defendant has been caught and remain fearful every day that their mistake could come back to haunt them. Sadly, none of the victims can be guaranteed that their images have not been posted on the internet and will most likely be victim of that uncertainty for the rest of their lives.

## ANALYSIS

1. ***The factors stated in 18 U.S.C. § 3553(a)(2) favor the imposition of a sentence within the prescribed statutory range.***

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary," to meet the following needs as set forth in 18 U.S.C. § 3553(a)(2). Specifically, this sentencing memorandum discusses three of the areas for consideration in sentencing the defendant:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;

3

(C) to protect the public from further crimes of the defendant.

> **a. *A sentence within the applicable statutory range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the defendant.***

The sentence to be imposed should be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. The defendant has pleaded guilty to two counts of a seven count indictment. He is pleading to one count of the production and one count of distribution of child pornography.

The harsh reality is this defendant has at least four known victims, but we may never know the full extent of all the minor girls he has victimized who are too afraid to come forward. His victims are young impressionable girls who are reaching out on social media for their first boyfriend experience. The defendant manipulated his emotionally vulnerable victims into believing he cared about them. Once he had drawn them in, he used the victims as a tool for his own sexual gratification and/or enjoyment of the power he had as a result of the threats and belittling with orders to mark their bodies as his property and pose in exposed positions. The defendant had no emotional attachment to his victims. While he may not have physically injured the girls, he psychologically raped them for his own perverse pleasure.

A lengthy sentence will hopefully provide the defendant ample time to understand the gravity of his crimes and gain a respect for the law when entering back into society, a much older and hopefully empathetic man. Further a lengthy sentence would satisfy the just punishment needed for the number of victims on whom he preyed.

> **b. *A lengthy sentence of imprisonment would afford adequate deterrence to criminal conduct.***

4

Section 3553 also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A lengthy sentence of imprisonment in the present case is consistent with both purposes.

As noted above, the sheer number of victims demonstrates the defendant has no respect for the law. The crimes the defendant has committed are especially disturbing because they are sexual crimes with continuous psychological manipulation and fear. His crimes are for perverse sexual gratification and/or power over his victims.

Defendant has demonstrated he has no intention of stopping his criminal behavior. He had been given a chance to stop in August of 2014 when he was arrested for attempting to get a 15 year-old girl to send him pictures of her vagina via social media. (*Id.* at ¶ 78). Defendant got the victim's phone number when he sold the phone to the victim and her mother. (*Id.*). Defendant was allowed to plead to a misdemeanor harassment in May of 2016. (*Id.*). However, the defendant was already targeting another victim. Victim, AN, reported she was communicating with the Defendant from April of 2016-June 2016. (*Id.* at ¶ 16).

Similarly, there is a need for general deterrence. Social media provides an unlimited playground of minor victims for sexual predators. A lengthy sentence will send a message to those who prey on vulnerable minor children through social media applications will be caught and will serve lengthy terms of imprisonment for doing so. Child predators need to understand they are not anonymous hiding behind their social media pseudonyms.

5

### c. A lengthy term of imprisonment will protect the public from further crimes of the defendant.

The defendant has proven that he will not stop his attack on our communities' young, teenage girls. How many chances does the child predator receive at the risk of our young, teenage girls just trying to navigate their sexual naiveté in this computerized world? Our young, teenage girls deserve to be protected from further crimes of the defendant who has proven he will strike again.

### CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court find that a lengthy sentence is accurate and impose a sentence which is sufficient, but not greater than necessary, to achieve the aims of sentencing. The United States submits that a substantial sentence is warranted in this matter, one which best captures the harm caused by the defendant and accomplishes the stated goals of sentencing pursuant to 18 U.S.C. § 3553(a)(1).

Respectfully submitted,

Douglas J. Overbey
United States Attorney

By: s/ Jennifer Kolman  _____
Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865)545-4167
jennifer.kolman@usdoj.gov
GA Bar #427930